UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STATE OF MINNESOTA, | Case No. 16-CV-3441 (WMW/FLN) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| JONATHAN BAXTER, III, also known as Yohanatan Yashar'al, | |
| Defendant. | |

Defendant Jonathan Baxter, III seeks to remove three actions — two civil, one criminal — from state court to federal court. The Court lacks jurisdiction over any of the actions, and thus the matters Baxter seeks to remove should be remanded to state court.

On August 24, 2016, Baxter pleaded not guilty to charges of refusal to submit to a chemical test and driving a motor vehicle while under the influence of alcohol. *See State of Minnesota v. Baxter*, No. 27-CV-16-20332 (Minn. Ct. Dist. 2016). Five days later, on August 29, 2016, Baxter filed a petition for judicial review and reinstatement of his driver's license pursuant to Minn. Stat. § 169A.53. *See Baxter v. Commissioner of Public Safety*, No. 27-CV-16-12947 (Minn. Ct. Dist. 2016); ECF No. 1-1 at 9-10.[1] That same day, Baxter also filed a petition for judicial determination of forfeiture of motor vehicle pursuant to Minn. Stat. § 169A.63, subd. 8. *See Baxter v. 2011 Chevy Traverse*, No. 27-CV-16-12948 (Minn. Ct. Dist.

---

[1] Although the petition is dated August 22, the document is stamped as filed on August 29. The trial docket maintained by the Minnesota state courts also confirms that the petition was filed on August 29.

2016). Through his notice of removal, Baxter seeks to relocate each of these three proceedings from state to federal court. He cannot do so.

First, with respect to the civil actions, "it is axiomatic that a plaintiff may not remove an action to federal court." *La Chemise Lacoste v. Alligator Co., Inc.*, 506 F.2d 339, 343 n.4 (3d Cir. 1974) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)). The federal removal statutes expressly reserve the right of removal to the defendant (or defendants). *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(a). Baxter initiated both civil actions in state court; he may not now seek to remove those proceedings to federal court. *See, e.g.*, *In re Harford Litigation Cases*, 642 Fed. App'x 733 (9th Cir. 2016); *Auld v. Auld*, 553 Fed. App'x 807 (10th Cir. 2014); *LaChance v. Talmadge*, 273 F.3d 1108 (5th Cir. 2001) (per curiam).

Second, with respect to the criminal action: As an initial matter, Baxter is too late. Under 28 U.S.C. § 1455(b)(1), "[A] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." Baxter has not yet gone to trial, but he was arraigned no later than August 24, 2016, when he pleaded not guilty in state court.[2] The earlier of the two dates contemplated by § 1455(b)(1) is therefore August 24, 2016. Baxter's notice of removal was not filed in this District until October 12, 2016 — 49 days later — and Baxter has alleged no good-faith reason for the delay. This untimeliness alone is a basis for remand.

---

[2]Baxter's initial appearance before the state court in the criminal proceedings occurred on August 2, 2016, but it is not altogether clear from the Minnesota trial court docket that he was arraigned on that date.

Leaving aside the issue of tardiness, 28 U.S.C. § 1443(1), which Baxter seeks to invoke in removing the criminal prosecution,[3] permits removal by "any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . ." Removal jurisdiction under § 1443(1) is extraordinarily narrow:

> [A] removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality. Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).
>
> Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is "denied or cannot enforce" the specified federal rights "in the courts of (the) State." This provision normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case. Except in the unusual case where an equivalent basis could be shown for an equally firm prediction that the defendant would be denied or cannot enforce the specified federal rights in the state court, it was to be expected that the

---

[3] Baxter also attempts to invoke 28 U.S.C. §§ 1603(a) and 1330(a) in removing this action. *See* Notice of Removal ¶ 13. But the former is merely a definition of the term "foreign state," while the latter allows for original jurisdiction "without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this title or under any applicable international agreement." Neither statute has any applicability here, as neither is a removal provision and no foreign state is involved in the underlying litigation.

> protection of federal constitutional or statutory rights could be
> effected in the pending state proceedings, civil or criminal.

*Johnson v. Mississippi*, 421 U.S. 213, 219-20 (1975) (citations and quotations omitted). The second *Johnson* prong is determinative here. Baxter cannot cite to any formal expression of Minnesota law binding the Minnesota courts to act in a manner inconsistent with his or anyone else's civil rights. Nor can Baxter offer a firm prediction based in evidence that his civil rights will be violated by the Minnesota courts during the criminal prosecution. By all appearances, Baxter simply believes that the Minnesota courts are likely to finding several of his legal arguments lacking in merit. But a finding that Baxter's contentions are not meritorious is not by itself indicative of racial animus or bias, nor is it evidence that the Minnesota courts will not or cannot enforce federal rights.

Baxter's allegations do not justify removal of any of the pending state-court actions, and those cases must be summarily remanded to state court. Because the notice of removal is facially invalid, no evidentiary hearing is required. *See McCullough v. Ligon*, 271 Fed. App'x 547, 548 (8th Cir. 2008).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be REMANDED to the Minnesota District Court, Fourth Judicial District.

2. The application to proceed *in forma pauperis* of defendant Jonathan Baxter, III [ECF No. 2] be DENIED AS MOOT.

Dated: October 26, 2016         *s/Franklin L. Noel*
                                Franklin L. Noel
                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.