UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota, | Case No. 16-cv-3441 (WMW/FLN) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Jonathan Baxter, III, also known as Yohanatan Yashar'al, | |
| Defendant. | |

This matter is before the Court on the October 27, 2016 Report and Recommendation ("R&R") of United States Magistrate Judge Franklin L. Noel. (Dkt. 3.) Defendant Jonathan Baxter, III, removed a state criminal prosecution and two civil actions, which he initiated in state court, to this Court. Baxter also filed an application to proceed in forma pauperis. The R&R recommends remanding each of the removed actions to Hennepin County District Court and denying as moot Baxter's application to proceed in forma pauperis. Baxter filed objections to the R&R on November 14, 2016. A response to Baxter's objections was not filed.

A district court reviews de novo any portion of a magistrate judge's disposition of a case to which objections are properly filed. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). It is clear from this Court's de novo review of the magistrate judge's legal analysis that Baxter's removal of these actions was improper.

As the plaintiff in the two civil actions he seeks to remove, Baxter may not avail himself of the statutory removal procedures because he is not a defendant. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*[.]" 28 U.S.C. § 1441(a) (emphasis added); *see also* 28 U.S.C. § 1446(a) ("*A defendant or defendants* desiring to remove any civil action from a State court shall file . . . .") (emphasis added).

With respect to the state-court criminal prosecution in which Baxter is the defendant, Baxter failed to comply with the statutory deadline for removal and has not shown good cause for this failure. *See* 28 U.S.C. § 1455(b)(1). Even if Baxter's notice of removal had been timely, he has not satisfied the stringent standard for removal under 28 U.S.C. § 1443(1). A defendant seeking to remove a criminal prosecution under 28 U.S.C. § 1443(1) must satisfy a two-part test. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). First, the removal petitioner must allege the denial of a right that "arises under a federal law providing for specific civil rights stated in terms of racial equality." *Id.* (internal quotation marks omitted). Second, the removal petitioner must be denied or lack the ability to "enforce the specified federal rights in the courts of the State." *Id.* (alteration omitted) (internal quotation marks omitted). Baxter's general allegations that the Minnesota statute under which he is being prosecuted is unconstitutional and that his arrest and prosecution otherwise violated his constitutional rights do not satisfy this test. *See id.* at 222.

Based on all of the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The October 27, 2016 Report and Recommendation, (Dkt. 3), is **ADOPTED**;

2. This matter is **REMANDED** to Hennepin County District Court, Fourth Judicial District; and

3. Defendant Jonathan Baxter, III's application to proceed in forma pauperis, (Dkt. 2), is **DENIED AS MOOT**.

Dated: January 4, 2017             s/Wilhelmina M. Wright
                                                          Wilhelmina M. Wright
                                                          United States District Judge